### DI LELLO v. GMELIN et al.

(Supreme Court, Appellate Term, First Department. May 8, 1913.)

1. COURTS (§ 189*)—MUNICIPAL COURTS—DEFAULT—VACATION—TERMS.

 Where, in an action for goods sold, defendant was not entitled to vacation of her default on the ground that she had not been properly served as she alleged, but in her application and proposed answer absolutely denied any indebtedness, the court in the furtherance of justice should vacate the default and permit defendant to answer, on condition of paying the costs of the action to date and depositing the amount of the judgment to abide the event, or giving an undertaking to secure any judg-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ment plaintiff might recover, in accordance with Municipal Court Act (Laws 1902, c. 580), § 256.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. PLEADING (§ 299*)—COMPLAINT—VERIFICATION.

That plaintiff's complaint was verified several days prior to the time it was served with the summons did not necessitate that it should be regarded as an unverified pleading.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 891; Dec. Dig. § 299.*]

Appeal from Municipal Court, Borough of Manhattan, Eighth District.

Action by Marcellano Di Lello against Frank Gmelin and others. From an order denying the motion of defendant Louise Gmelin to open her default, she appeals. Reversed and vacated, on terms.

Argued April term, 1913, before GUY, GERARD, and PAGE, JJ.

August P. Wagener, of New York City, for appellant.

Nathan Permut, of New York City, for respondent.

GUY, J. The defendant moved to open her default, and, although she claims she was not served with the summons, asks to be allowed to appear and answer. The plaintiff's claim is for goods sold and delivered, amounting to $217. The defendant's proposed answer is a general denial.

[1] Defendant testifies that she went to court on the day the summons was returnable and did not hear her case called. She then showed an officer a card, upon which she had the name of the case and the day and hour for appearance, and he told her judgment had been taken against her. She says she received a letter from the plaintiff's attorney, dated November 25, 1912, claiming that she and her codefendant were indebted to the plaintiff; that she called upon him, and he gave her the card above referred to. The process server testifies that, at the time he served the summons and complaint upon defendant, she refused to accept service, followed him to a street car, and there assaulted him and threw the papers on the floor of the car, at the same time using vile and indecent language. Plaintiff's attorney testifies that the defendant called upon him after the summons were served, that she admitted that she had been served, and that he gave her the aforesaid card and notified her to employ a lawyer, stating that he should take judgment if she did not defend the case. In this statement he is corroborated by his stenographer, who was present. Upon these facts appearing, the court below denied the motion to open the default. Although the court below was seemingly justified in believing that the defendant was guilty of a willful default, we deem that the interests of justice will best be subserved, in view of the defendant's absolute denial of indebtedness, both in her answer and in her affidavit on the motion, by opening the default upon terms.

[2] The defendant's claim that there was no verified complaint served with the summons is untenable. The fact that the complaint

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was verified several days prior to the time it was served with the summons does not necessitate that it should be regarded as an unverified pleading.

Order reversed, and judgment vacated, and new trial ordered, with costs to abide the event, upon condition that, within five ·days after service of a copy of the order entered herewith and notice of entry thereof, the defendant pay the costs of the action to date and deposit the amount of the judgment in the court below,· or by giving an undertaking in accordance with the provisions of section 256 of the Municipal Court Act (Laws·1902, c. 580); otherwise, order affirmed, with costs. All concur.